IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY SILC, | ) | CASE NO. 1:12 CV 1649 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Gary Silc, for disabled adult child's benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Silc had severe impairments consisting of personality disorder with depressive and borderline traits, dysthymic disorder, borderline intellectual function, depressive disorder NOS, anxiety disorder NOS, acute stress disorder, and migraine headaches.[1] The ALJ made the following finding regarding Silc's residual functional capacity ("RFC"):

---

[1] Transcript ("Tr.") at 17.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work that is limited to simple routine and repetitive tasks in a work environment free of fast paced production requirements, involving only simple work-related decisions with few, if any, work place changes, and occasional interaction with co-workers and the general public.[2]

The ALJ decided that Silc had no past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Silc could perform.[4] The ALJ, therefore, found Silc not under a disability.[5]

Silc asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[2] *Id.* at 20.

[3] *Id.* at 24.

[4] *Id.* at 24-25.

[5] *Id.* at 25.

## Analysis

**1.      Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[7] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

The ALJ found that despite severe and multiple mental limitations, Silc had the mental RFC for limited work that existed in substantial numbers nationally and locally. Based on the testimony of a VE, the ALJ decided this case at step five.

This case presents one overarching issue for decision:

> The ALJ found that Silc's limitations caused by his mental impairments were not so severe as to preclude competitive work activity and that a significant number of jobs existed locally and nationally that Silc could perform. Does substantial evidence support the ALJ's decision to include certain mental limitations in the RFC finding and to omit greater limitations from that finding?

Specifically, the ALJ found that Silc "can perform work that is limited to simple routine and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple work-related decisions with few, if any, work place changes, and occasional interaction with co-workers and the general public."[9] The ALJ incorporated that RFC finding into a hypothetical. Based on the answer, the ALJ decided that Silc was not disabled.

This case involves mental limitations only. Silc's argument is that his mental impairments are so severe that he could only function in a sheltered work environment or with accommodations for his limitations. As such, the ALJ should have found Silc disabled.

---

[9] Tr. at 20.

The RFC evaluation of a consulting examining psychologist, Richard Litwin, Ph.D., is critical. Both Silc and the Commissioner rely on that opinion[10] to support their respective positions, and the ALJ gave that opinion substantial weight.[11]

A portion of Dr. Litwin's opinion reads as follows:

> Vocationally, Gary would be a good candidate for on-the-job training using an apprenticeship model and physical modeling to bypass learning and memorization deficits. He has reasonable vocational goals such as landscaping or car detailing. There is no indication of any fine or gross motor deficits that would impede functioning. Gary will need information presented orally in small amounts and at a slow rate, combined with physical demonstration. He may need a job coach at first. He should not be expected to read signs or complete paper work in a work setting. Tasks to be completed should be self-evident and not require good initiation or problem solving. Gary should be able to learn a simple skill set focused on the manual trades reasonably well as long as the work environment is supportive and conducive to training.[12]

The Commissioner argues that Dr. Litwin opined that Silc could perform satisfactorily after an initial on-the-job training period consistent with the apprenticeship model. After this training period, he would not require ongoing, close supervision to the extent that his situation could be considered sheltered. Silc argues the opposite, emphasizing Dr. Litwin's observation that Silc needed information presented orally in small amounts at a slow rate combined with a physical demonstration.[13]

---

[10] *Id.* at 284-88.

[11] *Id.* at 22.

[12] *Id.* at 288.

[13] *Id.*

Silc relies on Social Security Ruling 11-2,[14] which deals with documenting and evaluating disability in young adults. This ruling provides, "[i]f an adult with impairment(s) needs or would need greater supervision or assistance, or some type of accommodation, because of the impairment(s) than the employee who does not have an impairment, the adult has a work-related limitation."[15]

As the Commissioner has pointed out, this Ruling became effective on September 12, 2011, over a year after the ALJ's decision. I have reviewed the Ruling and have found it consistent with the general legal framework for decision in which both Silc and the Commissioner are operating. But I found nothing in particular in the Ruling dispositive on the factual record presented here.

Based on Dr. Litwin's evaluation and opinion, a reasonable mind could conclude that after a training period, Silc could function without the ongoing, close supervision characteristic of a sheltered work environment. But a reasonable mind could also conclude that the assistance referred to by Dr. Litwin would necessitate continuing extra help and accommodations beyond those described in the RFC finding. Because the evidence can support either conclusion, this decision falls within the "zone of choice," and the reviewing court cannot substitute its judgment for that of the Commissioner.[16] Further, Silc has the

---

[14] Social Security Ruling 11-2p, Titles II and XVI: Documenting and Evaluating Disability in Young Adults, 76 Fed. Reg. 56263-71 (Sept. 12, 2011).

[15] *Id.* at 56267.

[16] *Buxton*, 246 F.3d at 772.

-6-

burden of proof at step four, the step in the sequential evaluation process where the RFC with its limitations is determined.[17]

## Conclusion

Substantial evidence supports the finding of the Commissioner that Silc had no disability. Accordingly, the decision of the Commissioner denying Silc disabled adult child's benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: September 25, 2013      s/ William H. Baughman, Jr.
                               United States Magistrate Judge

---

[17] *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).